THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ VILLANUEVA, ETC., Defendant and Appellant.

No. 14865.   Argued November 21, 1950.—Decided November 29, 1950.

*José Veray, Jr.*, for appellant. *Vicente Géigel Polanco, Attorney General*, and *J. Rivera Barreras, Fiscal of the Supreme Court*, for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

José Villanueva, known as Diego Villanueva, was sentenced to serve two months in jail for a violation of the Spirits and Alcoholic Beverage Act. He was charged with a violation of §§ 4, 21 and 77 of Act No. 6 of June 30, 1936 (Spec. Sess. Laws, p. 44), which offense consisted in having in his possession and at his disposal two glass containers, each one with one gallon of alcohol of the low grade known as cane (caña) rum without having the corresponding internal revenue stamps affixed.

In support of his appeal he now maintains that the lower court erred (1) in finding him guilty on the testimony of an accomplice which in no way appears corroborated; (2) in considering the statements of an accomplice as *res gestae;* and (3) in sentencing him without it being proved that the seized containers filled with rum did not have the corresponding internal revenue stamps affixed.

We shall first discuss the third assignment of error. Although it is true that in *People* v. *Escobar*, 62 P.R.R. 220, we decided that "in a proceeding for having alcohol without having paid the corresponding tax, the one who had to prove that the tax on the seized alcohol had not been paid is the

district attorney," it should be noticed however, that on page 221, we made it clear that "in the *de novo* trial before the district court, the said container was not introduced in evidence so that it could be determined by looking at the same if actually the tax had been or had not been paid." *A contrario sensu*, this means that if the container filled with rum had been introduced in evidence before the district court, the latter could have determined by looking at it whether the required internal revenue stamps had been affixed or not. In the case at bar it appears from the transcript of the evidence (page 12) that the two containers filled with rum which were seized were offered in evidence. This being so, although the district attorney did not produce direct evidence to the effect that they did not have the internal revenue stamps affixed, the trial judge was able to determine whether or not the requisite had been complied with. Thus, this error was not committed.

■ While policeman José Pagán González was testifying as witness for the People he was asked by the prosecuting attorney "when you arrested this minor carrying two gallons of rum (referring to José Rivera Villanueva) did he say anything to you?" The defense objected, alleging that it was hearsay evidence. The judge immediately said: "if it was at the time of the arrest, no; overruled," to which the district attorney added that "it is part of the *res gestae*." The defense took an exception to the ruling of the court and the witness then replied: "He told me that the rum belonged to Diego Villanueva." This testimony was not admissible in evidence because it was hearsay and because it was not shown that it was an exception. Neither the time nor the circumstances under which said words were said nor the surprise or spontaneity of the same were in any way proved so as to render them admissible in evidence. *People* v. *Calventy*, 34 P.R.R. 375; Wigmore on Evidence, vol. VI, 3d ed., p. 135, paragraph 1747; *cf.* 20 Am. Jur. 1091, paragraph 1239. The error, however, is not reversible since the minor alleged

to have made such statements had previously testified at the trial that he had made them at police headquarters.

■■ However, the other error assigned is more serious. It is to the effect that defendant was found guilty on the sole testimony of an accomplice and without corroboration.

The testimony of minor Rivera Villanueva only tended to prove that defendant offered to pay him fifty cents for transporting the two containers filled with rum and that while he was doing so he was arrested by policeman Pagán González. There is no other evidence of defendant's guilt in the record.

If Rivera Villanueva was caught transporting liquor in containers which did not have the internal revenue stamps affixed, he was committing the same offense charged to defendant. Consequently, he was an accomplice. The prosecuting attorney admitted so during the trial, stating that he did not accuse him because he had made him a witness for the prosecution.

Section 253 of the Code of Criminal Procedure provides:

"A conviction can not be had on the testimony of accomplice, unless he is corroborated by other evidence, which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; . . ."

If we strike the testimony of Rivera Villanueva there is no other evidence in the case which tends to connect the defendant with the commission of the offense. *People* v. *Díaz*, 67 P.R.R. 736, 739. Consequently, he should not have been sentenced.

The judgment appealed from will be reversed and defendant acquitted.